Carol Lynn Finklehoffe. CA Bar No. 220309
LIPCON MARGULIES & WINKLEMAN, P.A.
One Biscayne Tower, Suite 1776
Miami, FL 33131
Tel.: (305) 373-3016
Fax: (305) 373-6204
Email: cfinklehoffe@lipcon.com
*Attorneys for Plaintiff*

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE (K.S.), | CASE NO.: |
| Plaintiff, | **PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | |
| PRINCESS CRUISE LINES, LTD., a corporation for profit, | |
| Defendant. | |

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

The Plaintiff, JANE DOE (K.S.), brings this action individually.  This action is brought against Defendant, PRINCESS CRUISE LINES, LTD. (at times "PRINCESS"), a for-profit corporation, for personal injuries sustained when a crewmember sexually assaulted and eventually raped the minor Plaintiff.  The Plaintiff seeks damages and demands a jury trial on all issues so triable against Defendant.

1

## JURISDICTION AND THE PARTIES

1.  This action is an action under General Maritime Law of the United States and the laws of California, as applicable.

2.  This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333, because Defendant unilaterally inserts a forum selection clause into its cruise tickets that requires its passengers to file cruise-related suits only in this federal district and division, as opposed to any other place in the world.  The demand for a jury trial included herein is also made pursuant to the Saving to Suitors Clause of 28 U.S.C. §1333.

3.  This action is also being pursued under Cal. Code Civ. Proc., § 340.1, which states, in part, as follows: "In an action for recovery of damages suffered as a result of childhood sexual assault, the time for commencement of the action shall be within 22 years of the date the plaintiff attains the age of majority or within five years of the date the plaintiff discovers or reasonably should have discovered that psychological injury or illness occurring after the age of majority was caused by the sexual assault, ***whichever period expires <u>later</u>***…" Code Civ. Proc., § 340.1(a) (emphasis added).

4.  Defendant, at all times material hereto, personally or through an agent:

   a.  Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b.  Was engaged in substantial activity within this state;

   c.  Operated vessels in the waters of this state;

   d.  Purposefully availed itself of the benefits of conducting activities in California by purposefully directing its activities toward the state, thereby obtaining the benefits and protections of the state's laws;

   e.  The acts of Defendant set out in this Complaint occurred in whole or in

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

part in this state and/or county;

    f.  The cruise line ticket for the Plaintiff requires that suit be brought in this Court against Defendant.

5.  Defendant is subject to the jurisdiction of the courts of this state.

6.  The Plaintiff was and is a citizen of the state of Florida, over the age of eighteen years and is otherwise *sui juris*.

7.  At all times material hereto, Defendant was and is a for-profit corporation with its worldwide headquarters, principal address and principal place of business located in the County of Los Angeles.

8.  At all times material hereto, Defendant was and is a common carrier engaged in the business of marketing, selling and operating a cruise line out of various ports throughout the world, including, Los Angeles, California.

## FACTS COMMON TO ALL COUNTS

9.  At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, *Coral Princess* ("the vessel").

10. At all times material hereto, Defendant had exclusive custody and control of the vessel.

11. At all times material hereto, Defendant employed and controlled a crewmember by the name of Daniel Scott Crow ("the Assailant").

12. At all times material hereto, the Assailant was a member of the crew of the vessel and was acting in the course and scope of his employment as, upon information and belief, Assistant Cruise Director.

13. Between July 10, 2019 and July 17, 2019, Plaintiff was a paying passenger aboard the vessel, which was in navigable waters.

### The Assailant's Targeting, Sexual Assault, and Rape of the Plaintiff

14. At the time of the cruise, Plaintiff was 16 years old, and the Assailant was

Plaintiff's Complaint and Demand for Jury Trial

in his mid- to late-thirties.

15. A few days into the cruise, the minor Plaintiff was looking at passengers participating in a painting contest aboard the vessel.  The Assailant was at the painting contest; he saw the minor Plaintiff and invited her to participate in the contest; and she did so.

16. After the painting contest, the Assailant invited the minor Plaintiff to participate in an egg-throwing contest that was taking place aboard the vessel on the same day, and she accepted such invitation as well.

17. After the egg-throwing contest, the Assailant invited the minor Plaintiff to participate in a bracelet-making class that was taking place aboard the vessel on the same day, and she accepted such invitation as well.  During the class, the Assailant asked the minor Plaintiff where she lived, he told her he was from the same state (Florida), and he asked her what dining room she was assigned to aboard the vessel.

18. At dinner later that evening, the Assailant went to the dining room that the minor Plaintiff was located in aboard the vessel in order to see her, and he took a picture with her.

19. On the following day(s), the minor Plaintiff attended an Alaskan dog show event aboard the vessel, and the Assailant was at the event.  During the event, the Assailant directed the minor Plaintiff to stand in a certain location on a top step, where the Assailant proceeded to stare at the minor Plaintiff's buttocks.

20. Toward the end of the cruise, the minor Plaintiff participated in a truth/lie game aboard the vessel, and the Assailant was at the game.  The Assailant approached the minor Plaintiff's table, and he asked the minor Plaintiff for her contact information.  Thereafter, the Assailant continuously communicated with the minor Plaintiff through social media.

21. On the last day of the cruise, the Assailant asked the minor Plaintiff what

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

**LIPCON, MARGUILIES & WINKLEMAN P.A.**
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

station she was disembarking the vessel from, and he went to such station to say bye to her.

22. After the cruise, the Assailant repeatedly engaged in sexual conversations with the minor Plaintiff in a manner so as to "groom" the minor Plaintiff for sex in the near future.

23. In May 2020, when the Plaintiff was still a minor, the Assailant raped the Plaintiff.

24. At all times material hereto, the Assailant knew the Plaintiff was a minor.

### The Plaintiff's Inability to Immediately Report the Incident

25. Every 68 seconds another American is sexually assaulted.[1]  One out of every six American women has been the victim of an attempted or completed rape in her lifetime (14.8% completed, 2.8% attempted).[2] Yet many instances of sexual violence go unreported.   In fact, only 31% (310 out of every 1,000) sexual assaults are reported.[3]

26. In addition, according to forensic psychiatrist, Dr. Barbara Ziv, most assaults are not reported.  Some factors contributing to victims not reporting include, but are not limited to, shame and self-blame.

---

[1] Rape, Abuse & Incest National Network ("RAINN"), "Scope of the Problem: Statistics," https://www.rainn.org/statistics/scope-problem (citing Department of Justice, Office of Justice Programs, Bureau of Justice Statistics, National Crime Victimization Survey, 2019 (2020)).

[2] Id. (citing National Institute of Justice & Centers for Disease Control & Prevention, Prevalence, Incidence and Consequences of Violence Against Women Survey (1998)).

[3] RAINN, "The Criminal Justice System: Statistics," https://www.rainn.org/statistics/criminal-justice-system (citing [i.] Department of Justice, Office of Justice Programs, Bureau of Justice Statistics, National Crime Victimization Survey, 2015-2019 (2020); [ii.] Federal Bureau of Investigation, National Incident-Based Reporting System, 2012-2016 (2017); [iii.] Federal Bureau of Investigation, National Incident-Based Reporting System, 2012-2016 (2017); [iv.] Department of Justice, Office of Justice Programs, Bureau of Justice Statistics, Felony Defendants in Large Urban Counties, 2009 (2013)).

27. In line with the foregoing, Plaintiff was unable to report the incident to Defendant through counsel until January 2023 due to the trauma and Plaintiff's mental health.

28. Additionally, considering that the Assailant was a crewmember who intentionally and knowingly caused injury to the Plaintiff by committing the intentional tort of sexual assault and rape, and considering further that the Assailant's knowledge is imputed to Defendant as Defendant's employee, Defendant was on notice of the incident, and as such, no other notice was required.

### The Assailant's History and Criminal Conviction

29. In addition to the Plaintiff, the Assailant communicated with at least one other individual in an attempt to obtain children for sex, including children as young as five years old.

30. The Assailant also received and possessed over 600 images and/or videos of child pornography, which included content depicting prepubescent minors under the age of 12 and the sexual abuse of toddlers.

31. On June 10, 2022, the Assailant was indicted for, *inter alia*, Enticement of a Minor (Count 1) and Production of Child Pornography (Count 2), both of which related to the minor Plaintiff.

32. On August 12, 2022, the Assailant pleaded guilty to Enticement of a Minor (Count 1) and Production of Child Pornography (Count 2).

33. On December 12, 2022, Judge Martinez in the United States District Court for the Southern District of Florida sentenced the assailant to 30 years' imprisonment, and the Assailant is currently an inmate at the Federal Detention Center in Miami, Florida.

### Defendant's Notice and the Prevalence of Sexual Assaults and Rapes

34. At all times material hereto, Defendant had a policy and procedure that

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

LIPCON, MARGUILIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

prohibited crewmembers from fraternizing with passengers because, at least in part, such fraternization resulted in passengers being sexually assaulted and/or raped by crewmembers. Therefore, before this incident, Defendant knew or should have known that it was reasonably foreseeable for the Assailant's inappropriate fraternization with the Plaintiff to result in the Plaintiff being sexually assaulted and/or raped by the Assailant.

35. Pursuant to the Secretary of Transportation's statistical compilation of shipboard incidents, since 2016, there were a total of 391 sexual assaults reported on cruise ships, with 175 of such assaults reported by Defendant's parent company, Carnival Corporation, and 9 reported by Defendant.[4]

36. Notably, however, since 2016, the percentage of sexual assaults committed by Defendant's crewmembers, like the Assailant, are substantially higher compared to other cruise lines.  For instance, according to the Secretary of Transportation's statistical compilation *for all cruise lines*, 24% of sexual assaults were committed by crewmembers generally.  In stark contrast, *for Defendant*, 89% of sexual assaults were committed by Defendant's crewmembers, like the Assailant.  This comparison is demonstrated below.

---

[4] These figures do not represent the actual number of sexual assaults because, pursuant to 46 U.S.C. § 3507(g), cruise lines (including Defendant) are *only* required to report those instances that occur (a) in the territorial waters of the United States; (b) involve a United States citizen when occurring outside the jurisdiction of any nation; and (c) involve a United States citizen when occurring on a vessel that departed from or will arrive in a United States port.  As a result, many incidents of sexual assaults and rapes which have occurred aboard Defendant's cruise ships and those under their parent company, Carnival Corporation, are presently unreported to the FBI and/or are not included in the Secretary of Transportation's statistical compilation of shipboard incidents.  These figures also include the data from 2020 and 2021, when cruises were largely cancelled due to COVID-19.

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com





37. The foregoing shipboard incidents are reported by cruise lines directly to the Secretary of Transportation and/or the Federal Bureau of Investigation.

Plaintiff's Complaint and Demand for Jury Trial

1    Accordingly, before this incident, Defendant knew or should have known that a sexual

2    assault and/or rape was reasonably foreseeable considering the prevalence of sexual

3    assaults aboard cruise ships generally and by crewmembers aboard Defendant's

4    vessels specifically.

5        38.  At all times material hereto, Defendant advertised and marketed its cruises

6    and vessels to induce prospective cruisers to sail on its vessels.  In doing so, Defendant

7    deliberately emphasized the positives of its cruises and vessels, almost to the exclusion

8    of any negatives, such as the risk of crime and injury aboard its vessels, which was

9    known to Defendant.  For instance, Defendant stated that "[t]he safety and security of

10   [its] guests" was a "top priority[,]" and that Defendant "meet[s], and often exceed[s],

11   U.S. and international regulations" and that Defendant's "officers undergo extensive

12   training[.]"[5]   As a result, Defendant failed to give prospective passengers (like

13   Plaintiff) sufficient information to make fully informed decisions to book a cruise

14   and/or to fully comprehend the need to take precaution for their own safety while

15   aboard Defendant's vessels.

16       39.  Instances of rapes and/or sexual assault occur aboard vessels owned and

17   operated by Defendant and its parent company Carnival Corporation at an alarming

18   rate.  Yet Defendant fails to take adequate steps or provide adequate security to

19   prevent such rapes and/or sexual assaults and fails to warn its passengers of the

20   growing epidemic of rape and sexual assault at sea.  Defendant's motive for failing to

21   warn its passengers is financial in nature; that is, Defendant willfully chooses not to

22   warn its passengers about rapes and sexual assaults aboard its ships so as not to scare

23   any prospective passengers away.  Such willful and outrageous conduct on the part of

24   Defendant exposes it to punitive damages.  *See Lobegeiger v. Celebrity Cruises, Inc.,*

---

[5] https://www.princess.com/careers/about-princess/

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

No. 11-21620, 2011 WL 3703329, 2011 U.S. Dist. LEXIS 93933 (S.D. Fla. Aug. 23, 2011).

**COUNT I**

**STRICT VICARIOUS LIABILITY FOR**

**RAPE/SEXUAL ASSAULT AGAINST DEFENDANT**

The Plaintiff realleges, incorporates by reference and adopts the allegations set forth in paragraphs one (1) through thirty-nine (39) as though alleged originally herein.

40. On or about the above date(s), Plaintiff was sexually assaulted and raped by the Assailant aboard the vessel.

41. At all times material hereto, the Assailant who sexually assaulted and raped the Plaintiff was a member of the crew aboard the vessel, which was owned and/or operated by Defendant.

42. At all times material hereto, the Assailant who sexually assaulted and raped the Plaintiff was hired, retained and/or employed by Defendant.

43. At all times material hereto, Defendant was and is vicariously liable for the tortious actions of its crewmembers/employees, including the Assailant, who sexually assaulted and raped the Plaintiff.

44. As a direct and proximate result of the tortious actions of the Assailant, for which Defendant is vicariously liable, Plaintiff was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future.  The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and

LIPCON, MARGULIES & WINKLEMAN P.A.,
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

impairments in the future.  In addition, Plaintiff lost the benefit of her vacation, cruise and transportation costs.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

## COUNT II

## NEGLIGENT HIRING AND/OR RETENTION AGAINST DEFENDANT

The Plaintiff realleges, incorporates by reference and adopts the allegations set forth in paragraphs one (1) through thirty-nine (39) as though alleged originally herein.

45. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

46. At all times material hereto, Defendant had a duty to select and/or hire competent and/or fit crewmembers.

47. At all times material hereto, as part of its duty to select and/or hire competent and/or fit crewmembers, it was incumbent on Defendant to diligently inquire into the crewmembers' competency and fitness.

48. On or about the above date(s), Defendant, its agents and/or employees, breached its duty to exercise reasonable care by selecting and/or retaining the Assailant, which was incompetent and/or unfit based on the Assailant's criminal and/or predatory tendencies toward minors, as alleged in paragraphs 29-30.

49. At all times material hereto, Defendant knew of the foregoing conditions causing the Assailant's incompetence and/or unfitness, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them.  This knowledge was or should have been acquired through Defendant (a) performing a thorough and proper background check on the Assailant before retaining him; and/or (b) repeatedly performing

LIPCON, MARGULIES & WINKLEMAN P.A.,
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

1  thorough and proper background checks on the Assailant throughout his employment

2  with Defendant, including before renewing each contract.  This knowledge also was

3  or should have been acquired through prior complaints and/or incidents, wherein the

4  Assailant was accused of inappropriate behavior toward passengers generally and

5  minors specifically.  These background checks, investigations, complaints and/or

6  incidents did or should have revealed the Assailant's criminal and/or predatory

7  tendencies toward minors, as alleged in paragraphs 29-30.  Alternatively, the

8  foregoing conditions were caused by Defendant's crewmember, such that Plaintiff is

9  not required to plead Defendant's notice.

10      50. As a direct and proximate result of the incompetence and/or unfitness of the

11  Assailant and/or the negligence of Defendant, Plaintiff was injured about her body

12  and extremities, suffered physical pain, mental anguish, loss of enjoyment of life,

13  disability, disfigurement, post-traumatic stress disorder and other mental and/or

14  nervous disorders, aggravation of any previously existing conditions therefrom,

15  incurred medical expenses in the care and treatment of her injuries, suffered physical

16  handicap, lost earnings and lost earning capacity, both past and future.  The injuries

17  are permanent or continuing in nature and Plaintiff will suffer the losses and

18  impairments in the future.  In addition, Plaintiff lost the benefit of her vacation, cruise

19  and transportation costs.

20      WHEREFORE, Plaintiff demands judgment for all damages recoverable under

21  the law and demands trial by jury.

22          **COUNT III**

23  **<u>NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT</u>**

24      The Plaintiff realleges, incorporates by reference and adopts the allegations set

25  forth in paragraphs one (1) through thirty-nine (39) as though alleged originally

26  herein.

27

28

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

51. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

52. At all times material hereto, it was the duty of Defendant to warn passengers (like the Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like the Plaintiff) are invited to or may reasonably be expected to visit.

53. On or about the above date(s), Plaintiff was aboard the vessel, which is a place Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be during the cruise.

54. On or about the above date(s), Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

  a. Failure to adequately warn passengers of the prevalence and/or dangers of sexual assaults against passengers generally and minors specifically aboard cruise ships, including, but not limited to, Defendant's vessels;

  b. Failure to adequately warn passengers of the prevalence and/or dangers of crewmembers sexually assaulting and/or raping other passengers generally and minors specifically aboard cruise ships, including, but not limited to, Defendant's vessels;

  c. Failure to adequately warn passengers of the prevalence and/or dangers of crewmembers targeting passengers generally and minors specifically;

  d. Failure to adequately warn passengers that a heightened degree of care should be exercised when passengers generally and minors specifically interact with crewmembers aboard the vessel;

  e. Failure to adequately warn passengers of the lack of adequate security aboard the vessel for passengers generally and minors specifically;

Plaintiff's Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

and/or

f. Failure to adequately warn passengers that Defendant does not adequately monitor or regulate the behavior of passengers generally and minors specifically.

55. The above acts and/or omissions caused and/or contributed to the Plaintiff being sexually assaulted and raped because Plaintiff would not have gone on the cruise, would not have interacted with any crewmember, including the Assailant, and/or would have taken additional measures to ensure her safety had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to passengers, including Plaintiff.

56. At all times material hereto, Defendant knew or should have known of the foregoing conditions causing the subject sexual assault and did not warn about them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them.  This knowledge was or should have been acquired through (a) the Assailant's inappropriate interaction with the minor Plaintiff throughout public areas of the vessel (as alleged in paragraphs 15-21); (b) prior incidents; and/or (c) the prevalence of sexual assaults aboard cruise ships (as alleged in paragraphs 34-39), which did or should have revealed that passengers like the Plaintiff are targeted by crewmembers and/or that a sexual assault and/or rape was reasonably foreseeable.  In addition, Defendant created the dangerous conditions by the lack of warnings, supervision, security and/or training. Alternatively, the foregoing conditions were caused by Defendant's crewmember, such that Plaintiff is not required to plead Defendant's notice.

57. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about her body and extremities, suffered physical pain, mental anguish,

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

Plaintiff's Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305) 373-6204
www.lipcon.com

loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future.  The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of her vacation, cruise and transportation costs.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

## COUNT IV

## <u>NEGLIGENT SECURITY AGAINST DEFENDANT</u>

The Plaintiff realleges, incorporates by reference and adopts the allegations set forth in paragraphs one (1) through thirty-nine (39) as though alleged originally herein.

58. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

59. At all times material hereto, it was the duty of Defendant to provide reasonable security and/or implement reasonable security measures aboard the vessel.

60. At all times material hereto, Defendant voluntarily undertook and/or assumed the duty of security by retaining crewmembers to serve as security officers and guards about the vessel and/or advertising its onboard security.

61. On or about the above date(s), Defendant and/or its agents, servants and/or employees breached its duty to Plaintiff through the following acts and/or omissions:

    a. Failure to provide adequate supervision and/or security presence aboard the vessel so as to deter sexual assaults aboard the vessel against passengers generally and minors specifically;

b. Failure to provide adequate supervision and/or security in public areas aboard the vessel;

c. Failure to provide adequate supervision and/or security to protect passengers generally and minors specifically aboard the vessel;

d. Failure to adequately supervise crewmembers to ensure they do not target and/or sexually assault passengers generally and minors specifically;

e. Failure to adequately monitor passengers generally and minors specifically aboard the subject cruise to ensure they do not become victims of crimes generally and sexual assaults specifically;

f. Failure to protect passengers generally and minors specifically from sexual assaults aboard the vessel;

g. Failure to promulgate and/or enforce adequate policies and procedures to provide for the monitoring of public areas aboard the vessel;

h. Failure to promulgate and/or enforce adequate policies and procedures to provide adequate security to prevent passengers generally and minors specifically from being targeted and/or sexually assaulted aboard the vessel;

i. Failure to have adequate security aboard the vessel;

j. Failure to adequately train security; and/or

k. Failure to adequately supervise security.

62. The above acts and/or omissions caused and/or contributed to the subject incident because, had Defendant provided reasonable security and/or implemented reasonable security measures consistent with the foregoing, Plaintiff would not have been sexually assaulted and/or raped.

63. At all times material hereto, Defendant knew or should have known of the

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

foregoing conditions causing the subject sexual assault and did not correct them or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.  This knowledge was or should have been acquired through (a) the Assailant's inappropriate interaction with the minor Plaintiff throughout public areas of the vessel (as alleged in paragraphs 15-21); (b) prior incidents; and/or (c) the prevalence of sexual assaults aboard cruise ships (as alleged in paragraphs 34-39), which did or should have revealed that passengers like the Plaintiff are targeted by crewmembers and/or that a sexual assault and/or rape was reasonably foreseeable.  In addition, Defendant created the dangerous conditions by the lack of warnings, supervision, security and/or training. Alternatively, the foregoing conditions were caused by Defendant's crewmember, such that Plaintiff is not required to plead Defendant's notice.

64. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future.  The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of her vacation, cruise and transportation costs.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

## COUNT V

## GENERAL NEGLIGENCE AGAINST DEFENDANT

LIPCON, MARGULIES & WINKLEMAN P.A.,
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

The Plaintiff realleges, incorporates by reference and adopts the allegations set forth in paragraphs one (1) through thirty-nine (39) as though alleged originally herein.

65. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances while she was a passenger aboard the vessel.

66. On or about the above date(s), Defendant, its agents and/or employees, breached its duty to exercise reasonable care, based on the following acts and/or omissions:

    a. Failure to provide reasonably safe conditions for the Plaintiff during the voyage aboard the vessel (reasonably safe conditions include, but are not limited to, preventing an atmosphere wherein crewmembers could target and/or sexually assault passengers generally and minors specifically);

    b. Failure to promulgate and/or enforce adequate policies and/or procedures designed to prevent crewmembers from targeting and/or preying on passengers generally and minors specifically;

    c. Failure to promulgate and/or enforce adequate policies and/or procedures with regard to sexual assaults, non-fraternization with passengers, inappropriate contact with passengers, etc.;

    d. Failure to adequately train and/or supervise crewmembers with regard to sexual assaults, non-fraternization with passengers, inappropriate contact with passengers, etc.; and/or

    e. Failure to implement and/or enforce an adequate safety management system and/or comply with the requirements under 46 U.S.C. § 3507 of the Cruise Vessel Security & Safety Act.

67. The above acts and/or omissions caused and/or contributed to the subject

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

Plaintiff's Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

incident because, had Defendant provided reasonable care under the circumstances, Plaintiff would not have been sexually assaulted and/or raped.

68. At all times material hereto, Defendant knew or should have known of the foregoing conditions causing the subject sexual assault and did not correct them or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.  This knowledge was or should have been acquired through (a) the Assailant's inappropriate interaction with the minor Plaintiff throughout public areas of the vessel (as alleged in paragraphs 15-21); (b) prior incidents; and/or (c) the prevalence of sexual assaults aboard cruise ships (as alleged in paragraphs 34-39), which did or should have revealed that passengers like the Plaintiff are targeted by crewmembers and/or that a sexual assault and/or rape was reasonably foreseeable.  In addition, Defendant created the dangerous conditions by the lack of warnings, supervision, security and/or training. Alternatively, the foregoing conditions were caused by Defendant's crewmember, such that Plaintiff is not required to plead Defendant's notice.

69. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future.  The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of her vacation, cruise and transportation costs.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under

1 the law and demands trial by jury.

2 **<u>PRAYER FOR RELIEF</u>**

3 WHEREFORE, the Plaintiff respectfully request the Court enter judgment in

4 her favor and against Defendant as follow:

5     1.     To enter judgment in favor of the Plaintiff against Defendant on all

6          causes of action as alleged herein;

7     2.     To award compensatory damages in the amount to be ascertained at trial;

8     3.     To award punitive damages, as permitted by law, in the amount to be

9          ascertained at trial;

10     4.     To award costs of suit, as permitted by law;

11     5.     For prejudgment interest according to proof; and

12     6.     To enter such other and further relief as the Court deems just under the

13          circumstances.

14

15 DATED: February 28, 2023         L<small>IPCON</small> M<small>ARGULIES</small> & W<small>INKLEMAN</small>, P.A.

16

17                  BY: *s/ Carol. L. Finklehoffe*

18                   CAROL L. FINKLEHOFFE

19                   *Attorney for Plaintiff*

20

21

22 **<u>DEMAND FOR JURY TRIAL</u>**

23

24 Plaintiff hereby demands a trial by jury on all claims for relief.

25

26 DATED: February 28, 2023         L<small>IPCON</small> M<small>ARGULIES</small> & W<small>INKLEMAN</small>, P.A.

27

28

**LIPCON, MARGULIES & WINKLEMAN P.A.**
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

1

2

3          BY: *s/ Carol. L. Finklehoffe*
           _____
4          CAROL L. FINKLEHOFFE

5          *Attorney for Plaintiff*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LIPCON, MARGULIES & WINKLEMAN P.A.**
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

Plaintiff's Complaint and Demand for Jury Trial